UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                                              <u>DECISION AND ORDER</u>

                                                                              00-CR-6031L
                                                                              03-CV-6503L

           v.

IYAKI BRYAN,

                        Defendant.
_____

Defendant, Iyaki Bryan ("Bryan"), has filed a petition to vacate his judgment and sentence, pursuant to 28 U.S.C. § 2255. Bryan filed his petition, *pro se.* At the Court's direction, the Government filed a response to the motion urging that the petition be dismissed.

To obtain relief, Bryan must show that his conviction and sentence was imposed in violation of the Constitution and laws of the United States. Allegations concerning violation of federal laws entitle Bryan to relief only if they involve a "fundamental defect that results in a complete miscarriage of justice." *Davis v. U.S.,* 417 U.S. 333, 346 (1974).

Bryan was convicted after trial on the two-count indictment. On January 10, 2002, I sentenced Bryan principally to a term of 63 months on Count I. On the Government's motion, Count II was dismissed. Bryan's conviction was affirmed by the United States Court of Appeals for the Second Circuit on January 21, 2003.

Bryan, in his *pro se* petition, alleges that this Court erred when it added two points for obstruction of justice pursuant to § 3C1.1 of the United States Sentencing Guidelines. That issue was not raised on direct appeal. Bryan also contends that the failure to raise that issue on appeal and to appeal the disqualification of his original appointed trial counsel due to a conflict of interest constituted ineffective assistance of counsel.

I agree with the Government that the claims raised are without merit and, therefore, the petition must be dismissed.

Bryan must meet the tests for evaluating ineffective assistance claims under *Strickland v. Washington,* 466 U.S. 668 (1984). Bryan must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the outcome of the proceeding. The Government sets forth in detail the legal authority surrounding *Strickland* claims of ineffective assistance of counsel. It is clear that Bryan must meet both prongs and that great deference is given to counsel for strategic decisions.

The Government responds to Bryan's claims for the most part on the second prong of the *Strickland* test. That is, that even had the appeal been pursued, it would have been unavailing as to both the obstruction of justice enhancement and also the disqualification of Bryan's prior attorney.

In its response, the Government discusses Sentencing Guideline, § 3C1.1 and the Court's discussion at sentencing for imposing the two-point enhancement. I believe the record shows that the Court made ample findings supporting the two-point enhancement for obstruction of justice. The enhancement related to Bryan's attempt to get a witness to testify falsely at the trial. A two-point enhancement for such activity clearly appears to be consistent with existing law in the Circuit, and

the Government sets forth in its response at page 10-11, numerous cases supporting such an enhancement under similar circumstances.

I also find unavailing any claim that appellate counsel was ineffective for failing to challenge the district court's decision to disqualify his original trial attorney, Michael Burger. It was clear that when the trial commenced, Burger had a conflict of interest with a Government witness, Thelma Clark. As the Government points out, Clark, who was previously represented by Burger, refused to waive any potential attorney-client privilege based on Burger's prior representation of her. Under these circumstances, the Court had little choice but to remove Burger as counsel.

On the facts of this case, I believe the Court was well within its discretion to remove counsel. As the Government points out, Bryan had not retained Burger but rather Burger agreed to take the case as appointed counsel under the Criminal Justice Act. I also agree with the Government that Bryan has failed to demonstrate how he was prejudiced by the decision to remove Burger. The Court appointed a very experienced criminal defense counsel, one more experienced, in fact, than Burger was at the time. During trial, Bryan never complained about his new counsel.

Bryan also contends that his appellate attorney failed to raise on appeal issues concerning the credit he claims he should have received for time served on the parole violation. I agree with the Government's position advanced in its response, page 11-20. First of all, neither this Court nor the Court of Appeals has jurisdiction to consider the matters that Bryan raises on this issue. The duty of computing a sentence, including any credits for time served rests with the Bureau of Prisons. If a prisoner is dissatisfied with that determination, federal regulations provide for administrative review of such calculations and, if the prisoner is dissatisfied with the result, he may file a petition

in the district in which he is incarcerated. Therefore, this petition here in the Western District of New York must dismissed because this Court is now without jurisdiction to consider matters involving credit toward Bryan's sentence.

I also agree with the Government, though, on the merits that even if the Court had jurisdiction here, there would be no basis to grant the relief requested by Bryan. To the extent Bryan contends that the Court "inadvertently" failed to run his sentence entirely concurrently, there is no basis for such an inference. Based on a review of the sentencing transcript, and the Court's discussion of the need for some incremental punishment for an offense committed while a defendant is on parole, no inference can be raised that the district court intended to credit Bryan for all time that he was held on the state parole detainer. I also agree with the Government that statutes preclude the relief that Bryan seeks concerning credit.

Bryan also filed a motion to amend his petition claiming that he was entitled to relief under the then-recent Supreme Court decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004). There is no merit to this argument. The Second Circuit has held that *Blakely* does not apply retroactively to motions brought under 28 U.S.C. § 2255. *See Coleman v. United States,* 329 F.3d 77, 82 (2d Cir.), *cert. denied,* 540 U.S. 1061 (2003); *Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005).

CONCLUSION

For the above reasons, I find that Bryan has failed to demonstrate entitlement to relief under 28 U.S.C. § 2255 and, therefore, the petition is in all respects dismissed.

I decline to issue a certificate of appealability because Bryan has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 9, 2006.